OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. SCOTT

 
 
 
 OSCN navigation


 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 





 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 

 
 
 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. SCOTT
2014 OK 13
Case Number: SCBD-5992
Decided: 03/04/2014
As Corrected: March 5, 2014
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2014 OK 13, __ P.3d __

STATE OF OKLAHOMA ex rel. Oklahoma Bar Association, Complainant,
v.
JOEL EDWARD SCOTT, III Respondent.




O R D E R APPROVING RESIGNATION


¶1 Before this Court is an affidavit filed by Joel Edward Scott, III, pursuant to Rule 8.1, Rules Governing Disciplinary Proceedings (RGDP), 5 O.S. 2011, Ch. 1, App. 1-A , requesting that he be allowed to resign his membership in the Oklahoma Bar Association and relinquish his right to practice law. The Oklahoma Bar Association has filed an Application for Order Approving Resignation Pending Disciplinary Proceedings.

¶2 UPON CONSIDERATION OF THE MATTER WE FIND:



1. The Respondent, Joel Edward Scott, III, OBA # 21350, executed his resignation pending disciplinary proceedings on February 13, 2014.

2. The Respondent was admitted to the practice of law on September 26, 2006, and his official and current roster address with the Oklahoma Bar Association is 4301 N.W. 63rd Street, Suite 211, Oklahoma City, OK 73116.

3. The Respondent's resignation is freely and voluntarily tendered; he is not acting under coercion or duress and he is fully aware of the consequences of submitting his resignation.

4. The Respondent acknowledges receipt and service and is aware of an amended complaint filed on October 14, 2013, and currently pending against him, alleging seven (7) counts of professional misconduct and violation of his oath as an attorney. The allegations against the Respondent are set forth in the amended complaint which is attached hereto as "Exhibit A" and made a part hereof.

5. The Respondent acknowledges that the allegations in the amended complaint regarding his conduct, if proven, would violate Rules 1.1, 1.2, 1.3, 1.4, 1.4, 1.14(a)(c)(d) and (e), 1.16(d), 3.2, 5.5, 8.1(b) and 8.4(a)(b)(c) and (d) of the Oklahoma Rules of Professional Conduct (ORPC), 5 O.S. 2011, Ch. 1, App. 3-A, and Rules 1.3 and 5.2 of the RGDP, as well as his oath as an attorney.

6. The Respondent is aware that a disciplinary hearing is scheduled before the Professional Responsibility Tribunal at 9:30 a.m. on Tuesday, February 18, 2014, through Thursday, February 20, 2014, at the Oklahoma Bar Center. The Respondent is aware that the burden of proof rests upon the Oklahoma Bar Association and he has voluntarily waived any and all right to contest the allegations.

7. The Respondent is aware of the following grievances filed with the Office of the General Counsel of the Oklahoma Bar Association and the pending investigations thereof, TO WIT:

a) DC 13-148: Grievance filed by the Office of the General Counsel of the Oklahoma Bar Association, alleging that the Respondent's IOLTA client trust account was overdrawn on September 3 and September 5, 2013. .

b) DC 13-149: Grievance filed by Terry Frazier, alleging that the Respondent assisted a client in filing a fraudulent lien in the amount of $31,225.00 on real property owned by the complainant in Cleveland County, Oklahoma, following the tornado on May 20, 2013.

c) DC 13-181: Grievance filed by Kenneth Owens, alleging that the Respondent assisted a client in filing a fraudulent lien in the amount of $59,600.00 on real property owned by the complainant in Oklahoma County, Oklahoma, following the tornado on May 20, 2013.

8. The Respondent acknowledges that the allegations set forth in the above grievances, if proven, would constitution violations of Rules 1.1, 1.2(d), 1.15, 3.1 and 8.4(a)(b)(c) and (d) of the ORPC, and Rule 1.3 of the RGDP, as well as his oath as an attorney. The Respondent is aware that the burden of proof regarding these allegations rests upon the Oklahoma Bar Association and he waives any and all right to contest the allegations.

9. The Respondent recognizes that the approval or disapproval of his resignation is at the discretion of this Court. He recognizes and agrees he may be reinstated to the practice of law only upon full compliance with the conditions and procedures described by the Rules Governing Disciplinary Proceedings, and he may make no application for reinstatement prior to the expiration of five (5) years from the effective date of this order;

10. The Respondent has familiarized himself with and has agreed to comply with Rule 9.1, RGDP, within twenty (20) days following the date of his resignation.

11. The Respondent is aware the Oklahoma Bar Association has incurred costs in the investigation and prosecution of this matter and will file an application to assess costs against him pursuant to Rule 6.15, RGDP. He agrees he is responsible for reimbursement of those costs.

12. The Oklahoma Bar Association has filed an Application to Assess Costs in this proceeding on February 13, 2014, in the amount of $1,660.72, and is entitled to be reimbursed by the Respondent for those costs.

13. The Respondent acknowledges that the Client Security Fund may receive claims from his former clients as a result of his conduct and he agrees that if the Oklahoma Bar Association approves and pays such claims, he will reimburse the fund the principal amounts and the applicable statutory interest prior to filing any application for reinstatement.

14. The resignation pending disciplinary proceedings executed by the Respondent is in compliance with Rule 8.1, RGDP. The Respondent has surrendered his Oklahoma Bar Association membership card simultaneously with his resignation. The Respondent requests that he be allowed to resign his membership in the Oklahoma Bar Association and to relinquish his right to practice law.

15. The Respondent's resignation should be approved.



¶3 IT IS THEREFORE ORDERED THAT the application of the Oklahoma Bar Association for an order approving resignation and the resignation pending disciplinary proceedings executed by Joel E. Scott, III, are hereby approved.

¶4 IT IS FURTHER ORDERED THAT the Respondent's name be stricken from the roll of attorneys, and, because resignation pending disciplinary proceedings is tantamount to disbarment, he may make no application for reinstatement to membership in the Oklahoma Bar Association prior to the lapse of five (5) years from the date of this order.

¶5 IT IS FURTHER ORDERED THAT repayment to the Client Security Fund for any monies expended because of the Respondent's malfeasance or nonfeasance shall be a condition of reinstatement. The Respondent shall comply with Rule 9.1, RGDP, within twenty (20) days of the date of this order.

¶6 IT IS FURTHER ORDERED THAT the Respondent pay the costs of the Oklahoma Bar Association incurred in the investigation and prosecution of this matter, in the amount of $1,660.72, within ninety (90) days of the effective date of this order.

¶7 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 4th DAY OF March, 2014.


¶8 ALL JUSTICES CONCUR.



/S/CHIEF JUSTICE



Exhibit A







 Citationizer© Summary of Documents Citing This Document
Cite
 Name
 Level
 None Found.
Citationizer: Table of Authority
Cite
 Name
 Level
 None Found.